UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DALLAS M. CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 1:05-CV-160 |
| DEPUTY DOUG ROBERTSON, individually ) | Chief Judge Curtis L. Collier |
| and as a member of the Bledsoe County, TN ) | |
| Sheriff's Department, BOB SWAFFORD, as ) | |
| Sheriff of Bledsoe County, TN, and BLEDSOE ) | |
| COUNTY, TN ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM

Before the Court is Defendants Deputy Doug Roberson,[1] Sheriff Bob Swafford, and Bledsoe County, TN's (collectively "Defendants") motion for partial summary judgment (Court File No. 30). Although Plaintiff Dallas Clark ("Plaintiff") filed a response (Court File No. 31) and brief (Court File No. 33) in opposition to Defendants' motion, the Court will not consider either in resolving this motion since both were untimely filed. Defendants filed a reply to Plaintiff's response (Court File No. 36). For the following reasons, the Court will **GRANT** Defendants' motion (Court File No. 30).

## I. STANDARD OF REVIEW

---

[1] In his complaint, Plaintiff named one of the defendants as Deputy Doug Robertson and in one instance, Robinson. However, it is clear from Defendant Roberson's affidavit filed in support of Defendants' second motion for summary judgment that his name is actually Douglas Roberson (Court File No. 40). The Court has used the name Robertson in the caption of the case. However, it has used the correct spelling of defendant's surname, Roberson, throughout this memorandum and the accompanying order.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences which can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

In *Clark v. Robertson*, et.al., No. 1:03-CV-268 (E.D. Tenn. 2004)[2], Plaintiff filed an almost identical complaint to the one in this action.[3] In the prior action, Defendants filed a motion for summary judgment, which the Court granted, and all of Plaintiff's claims were dismissed with prejudice. *Clark v. Robertson*, *et.al*, No. 1:03-CV-268, Court File Nos. 19, 20 (E.D. Tenn. 2004). Shortly thereafter, Plaintiff filed a motion for reconsideration to set aside the order granting summary judgment. *Id*. at Court File No. 21. The Court granted Plaintiff's motion in part and set aside its findings that Defendant Roberson ("Roberson") had probable cause to arrest Plaintiff for domestic abuse of an adult on August 6, 2002 and its finding Roberson was entitled to qualified immunity for that arrest. *Id*. at Court File Nos. 26, 27. On January 5, 2005, the parties entered into a stipulation of dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(ii). *Id.* at Court File No. 51.

The pertinent facts have not changed since the parties voluntarily dismissed the prior action. Therefore, the Court will start by adopting the recitation of facts from the Memorandum issued in conjunction with the Order granting Defendants' motion for summary judgment in *Clark*, No. 1:03-CV-268, Court File No. 19 at 2-8. On June 1, 2005, Plaintiff filed a new complaint pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, alleging Defendants violated his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution when he was arrested on August 6, 2002. Plaintiff also alleges violations of state statutory and common law. Defendants

---

[2]The prior action was before the Honorable R. Allan Edgar, Senior United States District Judge.

[3]In fact, there were only a couple of superficial changes to the format. All of the causes of action were exactly the same.

3

move for partial summary judgment on all claims that were dismissed in the Court's order granting summary judgment in the previous case.

## III. DISCUSSION

Plaintiff asserts several claims stemming from his arrest and detention in jail. Plaintiff claims (1) Roberson, individually and in his capacity as a member of the Bledsoe County Sheriff's Department, falsely arrested, falsely imprisoned, and maliciously prosecuted him in violation of his rights as guaranteed under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, the laws of the State of Tennessee, and the common law. He also alleges Roberson is guilty of intentional assault. Finally, he alleges Defendants Swafford ("Swafford") and Bledsoe County, Tennessee are liable for the actions of their officers since they failed to properly train and supervise the officers; and (2) due to the conditions of confinement at the Bledsoe County Jail, he suffered injuries. Plaintiff claims Swafford and Bledsoe County, Tennessee are liable for his injuries since they were aware of the dangerousness of the jail.

Defendants move for partial summary judgment on all of Plaintiff's claims, except the claims that remained after the Court granted, in part, Plaintiff's motion for reconsideration. Much of Defendants' argument mistakenly rests on the theory of *res judicata*, based on the Court's prior ruling on Defendants' motion for summary judgment in *Clark*, No. 1:03-CV-268, Court File Nos. 19, 20. Defendants erroneously assume this case is a separate case from the earlier one. The error of Defendants' assumption is demonstrated by an examination of the elements of *res judicata*. This defense bars future litigation based upon prior litigation only if each of the following elements is met:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Browning v. Levy*, 283 F.3d 761, 771 (6th Cir.2002) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir.1997)).

In this case, obviously none of the elements of *res judicata* is met. In the prior action, this Court did not issue a final decision on the merits insofar as it granted summary judgment. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990). There has been no "subsequent action" between the parties, no "prior action," and no separate issues. Accordingly, *res judicata* offers no support for Defendants' position.

However, the principle underlying Defendants' motion is still present, i.e., the goal of finality in litigation. Rather than that goal being furthered by relying upon a prior final judgment, it is furthered in this case by reliance upon an earlier decision in the same case. The legal theory that encompasses this goal is the doctrine of the law of the case. In some respects it bears some similarity to *res judicata*. The doctrine "is similar [to issue preclusion or collateral estoppel] in that it limits relitigation of an issue once it has been decided, but the law of the case doctrine is concerned with the extent to which the law applied in decisions at various stages of the same litigation becomes the governing principle in later stages." *Bowles v. Russell*, 432 F.3d 668, 676 (6th Cir.2005). The law-of-the-case doctrine "generally discourages courts from reconsidering determinations that the court made in an earlier stage of the proceedings." *Id.* (citing *United States v. Graham*, 327 F.3d 460, 464 (6th Cir.2003)).

Although this action was assigned a new case number, it is not actually a new case. It is merely a continuation of the earlier filed case. While the Court initially issued a final judgment in

5

the case, that judgment was set aside, in part, after Plaintiff filed a motion for reconsideration. Since there were remaining claims, the Court's ruling on Defendants' motion for summary judgment prior to the joint dismissal of the case without prejudice was a prior determination rather than a final decision on the merits and constitutes the law of the case. Therefore, any matter decided previously in the memorandum issued in conjunction with the order granting Defendants' motion for summary judgment in *Clark*, No. 1:03-CV-268, Court File Nos. 19, 20, that was not set aside by the Court's order regarding Plaintiff's motion for reconsideration, still stands.

### A. Plaintiff's Claims for False Imprisonment, False Arrest, and Malicious Prosecution

In his complaint, Plaintiff makes claims against Defendants for false arrest, false imprisonment, and malicious prosecution under federal statutory, state statutory, and state common law. The Court previously granted summary judgment in favor of Defendants on all these claims. *Clark*, No. 1:03-CV-268, Court File Nos. 19, 20 at 16-18. The Court also held although Plaintiff alleged his rights under the First and Fifth Amendments to the United States Constitution had been violated, he did not allege any facts or circumstances which would constitute such a violation. *Id*. at 18, n. 4.

Subsequent to this ruling, the Court set aside its findings regarding (1) whether Roberson lacked probable cause to arrest Plaintiff for domestic abuse of an adult on August 6, 2002; and (2) whether Roberson was entitled to qualified immunity as to Plaintiff's claim that Roberson lacked probable cause to arrest him for domestic abuse of an adult on August 6, 2002. Defendant alleges these are the only claims available to Plaintiff. The Court does not agree. First, whether Defendant Roberson was entitled to qualified immunity is not a claim available to Plaintiff; instead, it is a defense available to Defendants. Second, while the Court did state it was setting aside the portion

of its opinion "which granted a summary judgment to the defendants on plaintiff Clark's claims that defendant Deputy Doug Roberson lacked probable cause to arrest him for Domestic Abuse of an Adult on August 6, 2002," *Clar*k, 1:03-CV-268, Court File No. 27 at 1, Plaintiff's claim was not whether Roberson lacked probable cause. Rather, Plaintiff's claims were for false arrest, false imprisonment, and malicious prosecution under federal statutory, state statutory , and state common law. One of the elements that must be proven to establish such violations is Roberson lacked probable cause for the arrest. Therefore, when the Court set aside its finding Roberson had probable cause to arrest Plaintiff for domestic abuse of an adult, it was essentially reinstating Plaintiff's claims for false arrest, false imprisonment, and malicious prosecution under federal statutory, state statutory, and state common law.

Although the Court reinstated Plaintiff's claims with respect to his arrest for domestic abuse of an adult, the Court did not reinstate Plaintiff's claims regarding his arrest for resisting arrest. With respect to Plaintiff's arrest for resisting arrest, the parties have litigated, and the Court has decided, those issues on summary judgment. *Clark*, No. 1:03-CV-268, Court File No. 19 at 16-18. Since the Court's earlier ruling disposed of these claims as to Defendants, the Court need not reconsider these issues. Accordingly, the Court will **GRANT** Defendants' motion for partial summary judgment as to Plaintiff's claims for false arrest, false imprisonment, and malicious prosecution under federal statutory, state statutory, and state common law for Plaintiff's arrest for resisting arrest.

**B.    Plaintiff's Claims Regarding the Conditions of Confinement at the Bledsoe County Jail**

Plaintiff claims his rights were violated when he was confined at the Bledsoe County Jail. Specifically, Plaintiff asserts he was not allowed to take a shower, and he was assaulted by another

7

inmate while detained at the Bledsoe County Jail. He also claims he did not receive a medical examination subsequent to the assault. Plaintiff's claims are identical to the claims he made in the prior action, on which this Court granted summary judgment against Plaintiff. *Clark*, Case. No. 1:03-CV-268 at 20-22. Thus, Plaintiff's claims are barred by the law-of-the-case doctrine. Accordingly, the Court will **GRANT** Defendants' motion for partial summary judgment to the extent Plaintiff challenges his conditions of confinement at the Bledsoe County Jail.

### C. Plaintiff's Untimely Response

As the Court noted above, it did not consider Plaintiff's response in resolving this motion since it was untimely filed. Even if the Court had considered Plaintiff's response before making its ruling, it still would have granted Defendants' motion. This is because in Plaintiff's response, he agreed "the specific claims ruled upon by the Court in the ruling on the prior summary motion are *res judicata* as to this re-filing of the original case." *Clark v. Robertson*, et. al., No. 1:05-CV-160, Court File No. 33 at 1. Although Plaintiff also mistakenly relies on *res judicata*, Plaintiff is essentially agreeing to the principle behind the law-of-the-case doctrine, that is, the Court should not reconsider the prior determinations it made when it granted Defendants' previous motion for summary judgment. Since Plaintiff's response agreed all prior determinations made by the Court bars relitigation of those issues at this stage of the litigation, the Court's ruling would have been the same even if it had considered Plaintiff's response.

### IV. CONCLUSION

For the above reasons, Defendants' motion for partial summary judgment will be **GRANTED**. As a result, all of Plaintiff's claims, except those for false arrest, false imprisonment,

and malicious prosecution under federal statutory, state statutory, and state common law stemming from his arrest for domestic abuse of an adult,[4] will be **DISMISSED**.[5]

An order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[4]As the Court noted above, it was previously determined Plaintiff had not stated a cause of action under the First or Fifth Amendments. Moreover, there is no Eighth Amendment protection for false arrest, false imprisonment, and malicious prosecution. Instead, these claims are brought pursuant to the Fourth Amendment. Therefore, although Plaintiff's complaint states he was falsely arrested, falsely imprisoned, and maliciously prosecuted in violation of the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, the only remaining federal claims are pursuant to the Fourth and Fourteenth Amendments to the United States Constitution; the state law claims remaining are those for false arrest and imprisonment, and the common law claim is one for malicious prosecution, all stemming from Plaintiff's arrest for domestic abuse of an adult.

[5]Although in *Clark v. Robertson*, et.al, No. 1:03-CV-268, Court File Nos. 19, 20, the Court dismissed Plaintiff's complaint, the Court did not address Plaintiff's claim that Roberson committed intentional assault by using excessive and unnecessary force to arrest Plaintiff in violation of Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Therefore, this claim may still be viable.